*849 OPINION.
Murdock:
The Commissioner stated in the deficiency notice in explanation of the disallowance of the loss that no formal sale was made, but mere entries were made on December 31, 1926, the effect of which was to write off the petitioner’s books its equity in the stock. The respondent’s brief states that the sole question is whether or not there was a bona fide sale. Bona fide means, with good faith; without fraud or deceit. Fraud is not to be presumed. Here there was a full disclosure of all circumstances incident to the alleged sale, and Corrado, the only witness, testified that he and Galiardi purchased the 557 shares of stock from the corporation. Entries wrere made on the books of the corporation to show that a sale had been made. It is true that the corporation actually paid the interest and principal of the note, but it immediately charged each payment to the two stockholders, and the total amounts of these various charges against their accounts were eventually offset by credits. Thus, the two stockholders paid the $13,000 and interest. It is also true that stock certificates were never issued in the name of the petitioner; there was no clear proof of the fair market value of the stock at the date of the sale to the stockholders; and the petitioner always remained primarily liable on the note. But these circumstances do not show fraud in the sale nor do they show that it was not a genuine sale. Corrado stated as a reason for the sale that he and Galiardi felt that the stock had greatly depreciated in value and was probably not worth $13,000, so the two of them felt that they should take over the stock and assume the payment of the balance due at the bank. We, therefore, decide that the sale was bona fide and further that it was genuine. As this is the only point in controversy, our judgment must be that there is no deficiency.
If we were called upon to determine the cost to the petitioner of the 422 shares of stock, we could not do so from the record before us. We have been told that a partnership first acquired these shares by paying $27,960 for them. We do not know how the petitioner acquired this stock or how much it paid for it, other than that it gave its note in the amount of $13,000 as a renewal for the loan which was originally $15,000. Thus, the greatest cost of the 557 shares which could be determined from the record would be $17,000. But we understand from counsel for the respondent that there is no question of the cost of the stock to the petitioner. This being so, we need not trouble ourselves about the inadequacy of proof on this point.

Judgment of no deficiency will be entered.